UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KOR MEDIA GROUP, LLC, | |
| Plaintiff(s), | Case No. 2:13-cv-01217-JAD-NJK |
| vs. | ORDER DENYING MOTION TO STAY DISCOVERY |
| TIMOTHY GREEN, et al., | |
| Defendant(s). | (Docket No. 30) |

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss or to transfer. *See* Docket 30; *see also* Docket No. 21 ("motion to dismiss or to transfer"). Plaintiff filed a response in opposition and Defendants filed a reply. Docket Nos. 32, 33. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby **DENIES** the motion to stay discovery.

**I.    OVERVIEW**

This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, conversion, fraudulent inducement, unjust enrichment, and fraudulent misrepresentation. *See* Compl. ¶ 1. Some of the same parties are involved in an action pending in the Southern District of Florida, *EyePartner, Inc. v. Kor Media Group LLC*, 4:13-cv-10072 (S.D. Fla. Apr. 9, 2013). On August 15, 2013, Defendants filed a motion to dismiss the instant case pursuant to Rules 8 and 12(b)(6),[1] as well

---

[1] References to "Rules" refer to the Federal Rules of Civil Procedure.

as a motion to transfer the case to Florida pursuant to 28 U.S.C. § 1404(a). *See* Docket No. 21. A response and reply have since been filed. *See* Docket Nos. 23, 27. On September 30, 2013, the parties submitted a discovery plan, which the Court granted. *See* Docket Nos. 28, 29. Shortly thereafter, Defendants filed the pending motion to stay discovery given the pending motion to dismiss or to transfer.

**II.     ANALYSIS**

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay*, 278 F.R.D. at 602-03. Courts in this District have formulated three requirements in determining whether to stay discovery pending resolution of a potentially dispositive motion; motions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See id.* The Court analyzes each issue below in turn.

    A.    POTENTIALLY DISPOSITIVE MOTION

Defendants' motion to dismiss or to transfer has three components. First, Defendants move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). Second, Defendants move to dismiss for failure to provide a "short and plain statement of the claim" pursuant to Rule 8. Third, Defendants move to transfer this case pursuant to 28 U.S.C. § 1404(a). Docket No. 21. The parties contest whether the latter two aspects of the motion are "dispositive," such that the *Tradebay* standards may be met.

Plaintiff does not dispute that the Rule 12(b)(6) motion is a dispositive motion. The parties do disagree as to whether a Rule 8 motion is considered dispositive. Docket No. 32 at 14; Docket No. 33

at 6-7. Rule 8(a) requires allegations sufficient to give defendants notice of plaintiffs' claims, which is "not an onerous burden." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). This notice requirement is often discussed in tandem with the sufficiency of the complaint to state a claim under Rule 12(b)(6). *See, e.g.*, *id.* 1121-22 (discussing Rule 8 and Rule 12(b)(6) standards together). Therefore, the Court will likewise analyze the sufficiency of the allegations under Rule 8 and Rule 12(b)(6) together.[2]

Plaintiff also disputes whether a Section 1404(a) motion is dispositive and could properly lead to a stay of discovery under the *Tradebay* standards. Docket No. 32 at 13.[3] The Court is not persuaded that a Section 1404(a) motion is a proper basis for a stay of discovery under *Tradebay*, through which the Court balances the expense of conducting unnecessary discovery in the event a case is eventually dismissed on the pleadings against the delay caused by staying discovery in the event the case is not dismissed. *See Tradebay*, 278 F.R.D. at 603. The granting of a Section 1404(a) motion to transfer does not result in the dismissal of claims, but rather merely transfers a case to another court for further proceedings. Hence, the outcome of a Section 1404(a) motion does not impact the ultimate need to conduct discovery. Accordingly, the Court finds that Defendants' Section 1404(a) motion to transfer

---

[2] Defendants raise Rule 8 arguments untethered to any particular Rule 12(b)(6) argument, *see, e.g.*, Docket No. 21 at 10 (arguing that the complaint is too long and uses numerous self-defined terms), but such deficiencies are generally not case-dispositive. *See Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (generally "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)"); *see also* Fed. R. Civ. P. 15(a)(2) (indicating that leave to amend shall be "freely given"). Moreover, the Court has reviewed the complaint and does not believe these Rule 8 arguments will lead to dismissal of Plaintiff's claims.

[3] Defendants' briefing implicitly raises the possibility of staying all proceedings under the Court's inherent authority pending resolution of the motion to transfer. *See* Reply at 10 (citing *Amadeck v. Capital One Fin. Corp.*, 2012 U.S. Dist. Lexis 161603 (W.D. Wash. Nov. 9, 2012) (staying all proceedings pending resolution of an MDL transfer based on considerations enumerated in *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))). Defendants failed to develop this argument, however, so the Court will not consider whether a stay is appropriate under *Landis*. *See, e.g.*, *Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *8 n.4 (D. Nev. May 14, 2013) (the Court considers the well-developed arguments presented and will not search for arguments that may be camouflaged in the briefing (citing *Williams v. Eastside Lumberyard & Supply Co.*, 190 F. Supp. 2d 1104, 1114 (S.D. Ill. 2001)).

is not dispositive, and Defendants have failed to carry their heavy burden of showing that a stay is appropriate pursuant to *Tradebay* with respect to that pending motion.

### B. NEED FOR ADDITIONAL DISCOVERY

The parties do not argue that additional discovery is required to enable a decision on the pending motion to dismiss, and the Court agrees. "In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks only whether the pleadings are sufficient to establish a claim, not whether the Plaintiff could find evidence to support the pleadings." *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

### C. PRELIMINARY PEEK

The Court next conducts a preliminary peek of the merits of the motion to dismiss to determine the likelihood that the claims will be dismissed. *See Turner Broadcasting*, 175 F.R.D. at 556 (the court must make a "preliminary finding of the likelihood of success on the motion").[4] The parties dispute the proper standard in conducting this analysis; in particular, they dispute just how likely the success of the dispositive motion must be to warrant staying discovery. Plaintiff argues that the Court should only stay discovery where it is convinced that the Plaintiff will be unable to state a claim, *see* Response at 5-6, while Defendants argue for a much lesser showing that there is some degree of foundation in law for the dispositive motion and "a possibility" that Defendants may prevail, *see* Reply at 6. The Court agrees with Plaintiff.

As with the rest of its analysis, the Court must adopt a standard in reviewing the merits of the dispositive motion that best effectuates the goals of Rule 1 for the "just, speedy, and inexpensive" determination of actions. *See Tradebay*, 278 F.R.D. at 602-03. The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. Morever, motions to dismiss are a frequent part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in

---

[4] Conducting this preliminary peek puts a magistrate judge in an awkward position because the district judge may evaluate the underlying motion differently. *Tradebay*, 278 F.R.D. at 603. The preliminary peek is not intended to prejudice the outcome of the motion to dismiss. *Id.*

unnecessary delay in many cases." *Trzaska v. Int'l Game Tech.*, 2011 U.S. Dist. Lexis 39275, *10 (D. Nev. Mar. 29, 2011). As such, courts in this District have consistently held that "[a] stay of all discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay*, 278 F.R.D. at 603 (discussing holdings of *Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting*, 175 F.R.D. 554); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).

That standard is not easily met. "Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort. Absent extraordinary circumstances, litigation should not be delayed simply because a non-frivolous motion has been filed." *Trzaska*, 2011 U.S. Dist. Lexis 39275, at *8 (emphasis in original)); *see also Tradebay*, 278 F.R.D. at 603 ("The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery."). Thus, for example, "a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value." *Turner Broadcasting*, 175 F.R.D. at 556.

In arguing that a lesser standard should apply, Defendants rely heavily on case law from other districts. The Court is cognizant that some courts in other districts apply a more lenient standard in determining whether to stay discovery pending resolution of a dispositive motion. *See, e.g.*, *Ameritel Inns v. Moffat Bros. Plastering, LC*, 2007 U.S. Dist. Lexis. 44900, *12-13 (D. Id. June 20, 2007). The Court agrees with and follows the case law in this District requiring a more robust showing regarding the likely success of the dispositive motion. *See, e.g.*, *Trzaska*, 2011 U.S. Dist. Lexis 39275, *8-9 (noting that "some courts apply a more lenient standard in deciding whether discovery should be stayed pending a decision on a potentially dispositive motion," and declining to follow those cases).[5] Defendants also rely on case law applying more lenient standards to particular types of dispositive

---

[5] Defendants' briefing on these issues is at times troubling to the Court. Among several examples, Defendants quoted the above passage from *Trzaska* but omitted the word "some" and indicated that a stay was granted under the "more lenient standard." *See* Mot. at 7. Contrary to Defendants' representation, the court <u>expressly rejected</u> the "more lenient standard." *Trzaska*, 2011 U.S. Dist. Lexis 39275, *9 ("While a more lenient standard may avoid the burden and expense of discovery in cases that are ultimately dismissed on the pleadings, this Court concludes that it should continue to abide by the stricter standards set forth in [this District's case law]." (internal citations omitted)).

motions not at issue here. *See, e.g.*, *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570, *2 (D. Nev. Apr. 15, 2013) (challenges to personal jurisdiction). Such case law is inapplicable to the preliminary peek at Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). *See id.* (distinguishing applicable standards).

### 1. Analysis of Motion to Dismiss

With the above-standards in mind, the Court turns to its preliminary peek at the motion to dismiss. Plaintiff's first three claims allege breach of contract. Defendants attack these claims predominately by asserting that Plaintiff failed to sufficiently allege that Defendants can be held liable as alter egos of EyePartner Inc. ("EP"). *See* Docket No. 21 at 13-14. As part of their briefing, "Defendants freely admit that EP, McCarty, and Green are essentially one and the same." *Id.* at 14. Nonetheless, Defendants argue that Plaintiff has failed to sufficiently plead that the corporate form was used fraudulently or for an improper purpose. *See id.*[6] Defendants' argument relies significantly on the magistrate judge's report and recommendation in *NetJets Aviation, Inc. v. Peter Sleiman Dev. Group, LLC*, 2011 U.S. Dist. Lexis 114081 (M.D. Fla. June 13, 2011). *See, e.g.*, Docket No. 21 at 14-15. The magistrate judge in *NetJets* recommended that a motion to dismiss should be granted because the complaint failed to sufficiently plead that the corporate form was used fraudulently or for an improper purpose. *See* 2011 U.S. Dist. Lexis 114081, at *22-23, 27.

Defendants fail to acknowledge, however, that the report and recommendation on which they rely was <u>expressly rejected</u> on this issue by the district judge assigned to that case. *See NetJets Aviation, Inc. v. Peter Sleiman Dev. Group, LLC*, 2011 U.S. Dist. Lexis 109973 (M.D. Fla. Sept. 27, 2011).[7] The

---

[6] The motion to dismiss also asserts that Plaintiff failed to sufficiently plead materiality of the breaches, *see* Docket No. 21 at 13, and that Plaintiff failed to sufficiently plead that the improper use of the corporate form harmed Plaintiff, *see id.* at 15. Defendants do not meaningfully develop these arguments in the motion, and the Court is not convinced that Plaintiff will be unable to state breach of contract claims based on these arguments.

[7] Plaintiff's opposition to the motion to dismiss also failed to recognize that the *NetJets* magistrate judge's recommendation on this issue was rejected by the district judge. *See* Docket No. 23 at 7-8. As such, the parties should seriously consider whether they are ethically required to advise Judge Dorsey that case

district judge reviewed, *inter alia*, the magistrate judge's determination that "while NetJets sufficiently alleged that PSDG and Sleiman dominated and controlled J. Ward to such an extent that J. Ward did not have an independent existence, NetJets failed to sufficiently allege that PSDG's and Sleiman's use of J. Ward was fraudulent or for an improper purpose, as is necessary to state a claim for alter ego liability." *Id.* at *2. The district judge disagreed, however, concluding that "because we are at the pleadings stage, it seems premature to foreclose the possibility that NetJets could establish that J. Ward was used fraudulently or for an improper purpose, a fact intensive inquiry." *Id.* at *3. The district judge further explained that the allegations were sufficient for Rule 8 purposes "and only further discovery will provide the proper record upon which to determine whether NetJets can ultimately make the required showing to sustain these claims." *Id.* As such, the district judge denied the motion to dismiss. *Id.*

Accordingly, the opinion that Defendants rely upon heavily in their motion to dismiss on this issue was expressly rejected for the proposition cited. The reviewing district judge's opinion directly contradicts Defendants' position that these issues should be decided on the pleadings. Having reviewed the complaint, the undersigned believes that the allegations are sufficient under Rule 8 to provide Defendants notice of these claims, *see, e.g.*, Compl. ¶¶ 36-39, and, at the very least, the issues raise questions of fact properly developed through discovery. *See NetJets Aviation*, 2011 U.S. Dist. Lexis 109973, *3. As such, the Court is not convinced that Plaintiff will be unable to state a claim for the breach of contract claims such that discovery would be a waste of effort.[8]

---

law relied upon in the motion to dismiss is not good law. *See, e.g.*, Nev. R. Prof. Conduct 3.3(c).

[8] In its opposition to the motion to dismiss, Plaintiff argues that Nevada law applies and that Nevada law tracks Delaware law. *See* Docket No. 23 at 5. Defendants argue in reply that dismissal is appropriate even if Nevada/Delaware law is applied. *See, e.g.*, Docket No. 27 at 4. The case law presented by Defendants fails to persuade the undersigned that these claims are susceptible to dismissal at the pleading stage. *See, e.g.*, *LaSalle Nat. Bank v. Perelman*, 82 F. Supp. 2d 279, 282, 295 (D. Del. 2000) (addressing issues on motion for summary judgment rather than on a motion to dismiss).

Because the Court believes Defendants will not succeed on their motion to dismiss with respect to Claims 1, 2 and 3, the Court finds that the motion to stay discovery pending resolution of the motion to dismiss should be **DENIED**.[9]

**III. CONCLUSION**

For the reasons discussed more fully above, the Court hereby **DENIES** the motion to stay discovery. The Court will rule on the pending motion to dismiss or to transfer in due course; in the meantime, the parties shall engage in discovery and may not object to providing discovery based on the pendency of Defendants' motion to dismiss or to transfer.

On a final note, the Court expects any future briefing to be significantly better-prepared than what has been presented thus far. As noted above, Defendants' briefing reviewed to date: (1) seriously mischaracterized the case law cited and (2) relied on case law that had been reversed on the issue for which it was cited. The Court requires counsel to be candid in their briefing, *see* Nev. R. Prof. Conduct 3.3(a)(1) (attorneys may not make a false statement of law), and to make a reasonable inquiry into the legal contentions presented, *see* Rule 11(b). Especially given that the Court highlights these deficiencies now, counsel should be mindful that future shortcomings could result in sanctions.

IT IS SO ORDERED.

DATED: October 29, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[9] The Court need not conduct a preliminary peek with respect to the other claims challenged in the motion to dismiss because a general stay of discovery is only appropriate where the Court is convinced that all claims will be dismissed. *See FTC v. AMG Servs., Inc.*, 2012 U.S. Dist. Lexis 121935, *7 (D. Nev. Aug. 28, 2012); *see also Tradebay*, 278 F.R.D. at 602 (pending motion must be "potentially dispositive of the entire care or at least dispositive of the issue on which discovery is sought").