Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
**Weide & Miller, Ltd.**
7251 West Lake Mead Blvd. Suite 530
Las Vegas, NV 89128
Telephone: (702) 382-4804
Facsimile: (702) 382-4805

Robert H. Thornburg, Esq. (*admitted pro hac vice*)
*rthornburg@addmg.com*
Matthew N. Horowitz, Esq. (*admitted pro hac vice*)
*mhorowitz@addmg.com*
**Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.**
1221 Brickell Ave., Suite 2400
Miami, FL 33131
Tel. (305) 374-8303
Fax (305) 374-8306

Stephen D. Milbrath, Esq. (*admitted pro hac vice*)
*smilbrath@addmg.com*
**Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.**
255 S. Orange Ave., Suite 1401
Orlando, FL 32802-3791
Tel. (407) 841-2330
Fax (407) 841-2343

Attorneys for Defendants

**UNTED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KOR MEDIA GROUP, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY GREEN, an individual; and LORETTA MCCARTY, an individual,<br><br>Defendants. | Case No. : 2:13-cv-01217-JAD-NJK<br><br>**STIPULATED PROTECTIVE ORDER TO GOVERN DISSEMINATION OF CONFIDENTIAL INFORMATION** |

/ / /

/ / /

/ / /

/ / /

/ / /

RRG-w-3014                                   -1-

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

1  The parties hereto, through their undersigned attorneys, hereby stipulate and agree to the entry of the following Stipulated Protective Order (the "Protective Order") with regard to confidential matters in the above-captioned lawsuit (the "Case")[1]:

2.  1. This Protective Order governs all documents and information produced or to be produced by any party (or third party) in connection with the Case, including documents and things produced or to be produced, answers to interrogatories, responses to requests for admissions, entry upon land for inspection or other purposes, oral, audio and/or visual recordings (including microfilm and computer source and/or object code), and deposition and other testimony disclosed through discovery in the Case (the "Subject Discovery Material"). The Subject Discovery Material will be used for no other purpose than the Case and any appeal therefrom.

3.  2. "Confidential Information" as used herein means any type or classification of information in any of the Subject Discovery Material which is designated as "**CONFIDENTIAL**" by one of the parties (the "Designating Party") in accordance with this Protective Order. "Highly Confidential Information" as used herein means any type or classification of information in any of the Subject Discovery Material which is designated as "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" by the Designating Party in accordance with this Protective Order.

4.  3. Whenever the Designating Party determines that a disclosure of the Subject Discovery Material will reveal matters that the Designating Party believes in good faith are not generally known or readily available to the public, or that the Designating Party deems to constitute proprietary information, confidential business or commercial information, and/or trade secrets relating to its or his business, the Designating Party has the right to designate such information as confidential ("Confidential Information"). In the case of written

---

[1] Defendants' maintain the position that agreement to this Stipulated Protective Order does not constitute consent by Defendants to jurisdiction in this Court or waiver of any challenges by Defendants to this Court's jurisdiction.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                 -2-

1  information, this designation must be made by marking the page or pages where such
2  Confidential Information is contained as "**CONFIDENTIAL**" or its equivalent, either prior
3  to its disclosure to the other parties (the "Receiving Party," whether singular or plural), or at
4  the time a copy(ies) of such written information is provided to the Receiving Party.  In the
5  case of oral, audio and/or visual recording information (including microfilm and computer
6  source and/or object code), this designation must be made by marking the recording medium
7  "**CONFIDENTIAL**" either prior to its disclosure to the Receiving Party, or at the time a
8  copy(ies) of such information is provided to the Receiving Party.  Where Confidential
9  Information is produced on electronic media, such as a CD, diskette, tape, USB storage
10 device or hard drive, the marking of the electronic media as "**CONFIDENTIAL**" shall be
11 deemed sufficient to identify the contents as "**CONFIDENTIAL**."

12       4. When the Designating Party has good reason to believe that disclosure of
13 certain information depicted or contained in the Subject Discovery Material should be limited
14 to counsel and outside experts for the Receiving Party because of its sensitive nature, or for
15 any other good reason, the Designating Party has the right to designate such information
16 ("Highly Confidential Information") as "**CONFIDENTIAL: ATTORNEYS' EYES**
17 **ONLY.**"   In the case of written information, this designation must be made by marking the
18 page or pages wherein such Highly Confidential Information is contained,
19 "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" or its equivalent, either prior to its
20 disclosure to the Receiving Party or at the time a copy(ies) of such written information is
21 provided to the Receiving Party.  In the case of oral or audio and/or visual recording
22 information (including microfilm and computer source and/or object code), this designation
23 must be made by marking the recording medium "**CONFIDENTIAL: ATTORNEYS'**
24 **EYES ONLY**" either prior to its disclosure to the Receiving Party, or at the time a copy(ies)
25 of such information is provided to the Receiving Party. Where Highly Confidential
26 Information is produced on electronic media, such as a CD, diskette, tape, USB storage
27 device or hard drive, the marking of the electronic media as "**CONFIDENTIAL:**
28 **ATTORNEYS' EYES ONLY**" shall be deemed sufficient to identify the contents as

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                                    -3-

1   "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**."

2        5.    In the case of deposition or other testimony, testimony containing Confidential Information and testimony or within two (2) weeks of the receipt by counsel for the Designating Party of the written transcript.  Until such designations are made, neither the transcript nor the contents or substance of the deposition or other testimony may be disclosed by the Receiving Party to persons other than Qualified Persons, with respect to Confidential Information, or Highly Confidential Recipients, with respect to Highly Confidential Information.

     At any time during the taking of a deposition on oral examination, counsel for the Designating Party may state that a particular line of questioning should be treated as "**CONFIDENTIAL,**" or "**CONFIDENTIAL: ATTORNEY'S EYES ONLY**," as in the case of written disclosures of Confidential Information and/or Highly Confidential Information. Counsel for the parties shall then determine whether the line of questioning should not be carried out at that particular time, or whether it should be carried out with the following conditions:

     a.    The reporter may be instructed to transcribe the questions and answers separate from the transcript for the remainder of the deposition, which pages shall be marked as described in either Paragraph 3 or 4 above.

     b.    During any time that the line of questioning involving Confidential Information and/or Highly Confidential Information is being followed, any and all representatives of the Receiving Party, other than counsel and outside experts, may be excluded from the deposition.

     c.    Counsel for the parties may agree to allow a set period of time subsequent to receipt by counsel for the Designating Party of a deposition transcript within which to identify in writing any Confidential Information and/or Highly Confidential Information disclosed during the deposition.

     d.    Any other conditions mutually agreeable to the parties to protect the confidential status of the information.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014       -4-

See order issued concurrently herewith regarding filing procedures.

6. ~~No Subject Discovery Material that has been designated by any party as comprising or containing Confidential Information and/or Highly Confidential Information shall be filed with the Court unless there is an agreement of the parties or an Order of the Court allowing such filing~~. If any Receiving Party's counsel intends to use at trial, or for the purpose of any motion filed with the Court, any documents, interrogatory answers, deposition testimony, or other discovery responses which have been designated as Confidential Information and/or Highly Confidential Information, he/she shall so advise the Designating Party's counsel seven (7) days prior to such intended use, and counsel for all parties shall confer in an effort to agree upon a procedure to maintain the confidentiality of such Confidential Information and/or Highly Confidential Information.  If no agreement is reached, counsel for the Designating Party shall file an appropriate motion with the Court seeking a determination as to the permissible use of the Confidential Information and/or Highly Confidential Information.

7. a. All Subject Discovery Material designated as containing or comprising Confidential Information must be retained by counsel for the Receiving Party and must not be furnished, shown or disclosed by such counsel to any other person, except that, and solely for the purposes of the Case, any such Confidential Information may be disclosed by counsel to "Qualified Persons."  Qualified Persons as used herein means:

   i. the Court and its personnel (specifically pursuant to the requirements of paragraph 6 above) ;

   ii. outside counsel and in-house counsel of the parties and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with the Case, including jury or trial consulting services retained by counsel for a party;

   iii. experts and consultants (and their necessary support personnel)

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                -5-

retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the Case, provided that the disclosing party shall first obtain from each such expert or consultant a signed confidentiality agreement in the form attached as **EXHIBIT A** (a "Confidentiality Agreement");

    iv. court reporters and supporting stenographic, videographic, and clerical personnel;

    v. interpreters or translators retained by counsel for the purpose of the Case;

    vi. a testifying witness/deponent, but only if the witness is a current employee of the designating party, a retained expert or consultant who has signed a Confidentiality Agreement, or a former employee, consultant, or independent contractor of the Designating Party; and

    vii. the corporate officers and employees of the parties who have responsibility for managing or working on the Case (including persons regularly employed by a party in an information technology position who may be providing technical assistance) or who have responsibility for making decisions about possible settlement of the Case.

b. In the event that counsel for the Receiving Party finds it necessary to make a disclosure of Confidential Information to a person other than a Qualified Person, counsel for such party must, no fewer than five (5) days in advance of such disclosure, notify the Designating Party's counsel in writing of:

    i. the Confidential Information to be disclosed; and

    ii. the person(s) to whom such disclosure is to be made.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

1   The Designating Party's counsel has five (5) days after receipt of the written notice within which to object in writing to the disclosure, and in the event objection is made, no disclosure will be made without Court Order.  If no objection is made by the Designating Party's counsel, or if an Order of Court permits the disclosure, counsel for the Receiving Party must, prior to the disclosure, provide the individual to whom the Confidential Information is to be disclosed a copy of this Protective Order, and obtain from that individual a signed Confidentiality Agreement (in the form of **EXHIBIT A** attached hereto) acknowledging such terms in writing and agreeing to comply with and be bound by the Protective Order, with the executed document to be served on the Designating Party's counsel within ten (10) days of signing.

8.   a.   All Subject Discovery Material that has been designated by any party as comprising or containing Highly Confidential Information must be retained by counsel for the Receiving Party and must not be furnished, shown or disclosed by such counsel to any other person, except that, and solely for the purposes of this action, any such Highly Confidential Information may be disclosed by counsel to "Highly Confidential Recipients." Highly Confidential Recipient as used herein means:

   i.   the Court and its personnel (specifically pursuant to the requirements of paragraph 6 above);

   ii.  outside counsel and their necessary support personnel, including personnel associated with any outside service providers used to assist in litigation who are providing active assistance with the Case, including jury or trial consulting services retained by counsel for a party;

   iii. interpreters or translators retained by counsel for the purpose of the Case;

   iv.  court reporters and supporting stenographic, videographic, and clerical personnel; and

   v.   experts and consultants (and their necessary support personnel)

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                                        -7-

retained by, or at the direction of, counsel for the purpose of advising and assisting such counsel in the preparation or trial of the Case, provided that the Receiving Party shall first obtain from each such expert or consultant a signed Confidentiality Agreement.

b. In the event that counsel for the Receiving Party finds it necessary to make a disclosure of Highly Confidential Information to a person other than a Highly Confidential Recipient, counsel for such party must, no fewer than five (5) days in advance of such disclosure, notify the Designating Party's counsel in writing of:

i. the Highly Confidential Information to be disclosed; and

ii. the person(s) to whom such disclosure is to be made.

The Designating Party's counsel has five (5) days after receipt of the written notice within which to object in writing to the disclosure, and in the event objection is made, no disclosure will be made without Court Order. If no objection is made by the Designating Party's counsel, or if an Order of Court permits the disclosure, counsel for the Receiving Party must, prior to the disclosure, provide the individual to whom the Highly Confidential Information is to be disclosed a copy of this Protective Order, and obtain from that individual a signed Confidentiality Agreement (in the form of **EXHIBIT A** attached hereto) acknowledging such terms in writing and agreeing to comply with and be bound by the Protective Order, with the executed document to be served on the Designating Party's counsel within ten (10) days of signing.

9. No person will make a public disclosure of any Subject Discovery Material obtained in discovery in the Case and designated as Confidential Information or Highly Confidential Information without an Order of the Court or as stipulated by the parties. If any person subject to this Protective Order is served with a subpoena, demand, or other legal process in another action seeking Confidential Information and/or Highly Confidential Information, that person (a "Compelled Party") shall give prompt written notice of such event to counsel for the Designating Party, and shall object to the production of such Confidential

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                    -8-

Information and/or Highly Confidential information.  Upon receipt of such written notice, counsel for the Designating Party shall advise the Compelled Party, in writing, of the Designating Party's position.  Thereafter, the Designating Party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand.  The Compelled Party shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the Confidential Information and/or Highly Confidential Information.

10. Should the person seeking access to the Confidential Information and/or Highly Confidential Information (the "Compelling Party") take action to enforce such subpoena, demand, or other legal process, the Compelled Party shall set forth in any response made by the Compelled Party to the Compelling Party the existence of this Protective Order.  Nothing herein shall be construed as requiring the Compelled Party to challenge or appeal any order requiring production of the Confidential Information and/or Highly Confidential information, or to subject himself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

11. Inadvertent disclosure and/or production of Subject Discovery Material claimed to be subject to either the attorney-client privilege or the work product doctrine does not waive the applicability of such privilege or doctrine relative to the inadvertently disclosed and/or produced Subject Discovery Material.  If any such Subject Discovery Material is inadvertently disclosed to the Receiving Party by the party producing same, the producing party may request that the Receiving Party transfer such Subject Discovery Material back to the producing party, and the Receiving Party must comply by returning such Subject Discovery Material.  Inadvertent failure to designate documents or things as Confidential Information and/or Highly Confidential Information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied.  If the producing party discovers that information should have been but was not designated as Confidential Information or Highly Confidential Information, the producing party must immediately notify all other parties.  In such event, within fifteen (15) days of notifying all other parties, the producing party must provide

replacement copies of the Confidential Information or Highly Confidential Information marked with designations in accordance with this Protective Order. After receipt of such re-designated information, this Confidential Information and/or Highly Confidential Information shall be treated as required by this Protective Order. The Receiving Party shall have no liability, under this Protective Order or otherwise, for any disclosure of information contained in unlabeled documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

12. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a written stipulation by the parties hereto or by an Order of the Court, whether for good cause shown or upon the Court's own initiative.

13. Designating any Subject Discovery Material as Confidential Information or Highly Confidential Information does not necessarily denote that such Confidential Information or Highly Confidential Information is a trade secret of the producing party.

14. No party is obligated to challenge the propriety of any Subject Discovery Material designated as Confidential Information or Highly Confidential Information, and a failure to do so in the Case does not preclude a subsequent attack on the propriety of the designation.

15. If the Receiving Party disagrees with a designation of any Subject Discovery Material as Confidential Information or Highly Confidential Information, the Receiving Party may give notice in writing within thirty (30) days of receipt of the Subject Discovery Material to the Designating Party specifying the Confidential Information and/or Highly Confidential Information involved and the allegedly proper classification. If the Designating Party does not move for a protective order within ten (10) days from receipt of such notice, the Confidential Information or Highly Confidential Information in issue shall become classified as alleged in the notice.

16. No party shall designate as Confidential Information or Highly Confidential Information any Subject Discovery Material that such party has reason to believe, or should have reason to believe, was generally known or readily available to the public prior to its

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014         -10-

designation. Moreover, in the event that a Designating Party becomes aware that Subject Discovery Material designated as Confidential Information or Highly Confidential Information is or has become generally known to the public through no fault of the Receiving Party, or that it was known to the Receiving Party prior to its designation, or that it was disclosed to the Receiving Party without restrictions, or that it was developed by the Receiving Party without reference to the disclosures by the Designating Party, then the Designating Party will immediately rescind its designation and give notice of such rescission to all Receiving Parties.

17. In the event that any party hereto claims that any provision of the Protective Order has been violated, such party may move the Court, upon proper notice, for appropriate sanctions and/or other relief.

18. Nothing in this Protective Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in the Case, or as limiting or negating the right of any party to object to any requested discovery such party otherwise believes in good faith to be improper.

19. This Protective Order shall not preclude any party from using or disclosing any of its or his own documents or materials for any lawful purpose.

20. This Protective Order is intended to facilitate the flow of discovery materials and to expedite the resolution of discovery disputes among the parties. This Protective Order shall not raise any inference nor constitute any evidence of the existence of any trade secrets, Confidential Information, or Highly Confidential Information. Moreover, the consent of any party to the Protective Order shall not constitute any admission as to the existence of any trade secrets, Confidential Information, or Highly Confidential Information in connection with any Subject Discovery Material produced or disclosed in the Case.

21. Nothing in this Protective Order shall preclude or impede outside counsel's ability to communicate with or advise their clients or decision-makers for such clients based on outside counsel's review and evaluation of Confidential Information and Highly Confidential Information produced by the opposing party. Outside counsel may discuss with

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                        -11-

1  the employees and officers who have responsibility for managing the Case for such clients, or
2  those persons who have responsibility for making decisions about possible settlement of the
3  Case, the general nature of the Confidential Information and Highly Confidential Information
4  without disclosing the facts comprising or other specifics of any such information, to the
5  extent such disclosure is necessary for effectively advising such clients and their decision-
6  makers.

7      22.    Upon final termination of the Case, including appellate review, all Receiving
8  Parties shall, within forty-five (45) days, assemble and return to the Designating Party all
9  Subject Discovery Material and copies thereof which may have been made, but not including
10 any notes or other attorneys' work product that may have been placed thereon by counsel for
11 the Receiving Party.  Alternatively, all Subject Discovery Material and copies thereof shall be
12 destroyed by the Receiving Party within forty-five (45) days of the final termination of the
13 Case, including appellate review.  As to any Confidential Information, Highly Confidential
14 Information, and copies thereof claimed to contain attorneys' work product of the Receiving
15 Party, such Confidential Information and Highly Confidential Information shall be destroyed
16 by the Receiving Party within forty-five (45) days of the final termination of the Case,
17 including appellate review.  Written confirmation of compliance with this paragraph shall be
18 made by all parties and their counsel of record within sixty (60) days of the final termination
19 of the Case, including appellate review.

20     23.    All references to "days" in time limits established by this Protective Order
21 shall mean calendar days.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                    -12-

24. This Protective Order may be amended by written agreement of the parties.

STIPULATED AND AGREED TO:

DATED this 31st day of October, 2013.

| Weide & Miller, Ltd. | DICKSON WRIGHT, PLLC |
|---|---|
| /s/ Ryan Gile<br>Ryan Gile, Esq.<br>7251 W. Lake Mead Blvd., Suite 530<br>Las Vegas, Nevada 89128-8373 | /s/Jodi Donetta Lowry<br>Steven A. Gibson, Esq.<br>Jodi Donetta Lowry, Esq.<br>7201 West Lake Mead Blvd., Suite 502<br>Las Vegas, NV 89128 |

**Allen, Dyer, Doppelt,
Milbrath & Gilchrist, P.A.**

*Attorneys for Plaintiff*

Robert H. Thornburg, Esq.
(*admitted pro hac vice*)
Matthew N. Horowitz, Esq.
(*admitted pro hac vice*)
1221 Brickell Ave., Suite 2400
Miami, FL 33131

Stephen D. Milbrath, Esq.
(*admitted pro hac vice*)
255 S. Orange Ave., Suite 1401
Orlando, FL 32802-3791

*Attorneys for Defendants*

**ORDER**

**IT IS SO ORDERED**:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 1, 2013

**EXHIBIT A**

**UNTED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KOR MEDIA GROUP, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>TIMOTHY GREEN, an individual; and LORETTA MCCARTY, an individual,<br><br>    Defendants. | Case No. : 2:13-cv-01217-JAD-NJK<br><br>**CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR RECEIVING CONFIDENTIAL INFORMATION** |

  I, _____, declare under the pains and penalties of perjury of the United States of America that the following is true:

  1. I have read and understand the Protective Order ("Order") in the above-captioned action (a copy of which is attached and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL: ATTORNEYS' EYES ONLY"** may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

  2. I shall not use any Confidential Information or Highly Confidential Information or disclose same to others, except in accordance with the Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014  -1-

I also understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected producing party.

Dated this _____ day of _____, 2013.

_____
Signature

_____
Printed Name

_____
Address

.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128-8373
(702) 382-4804

RRG-w-3014                                    -2-