UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KOR MEDIA GROUP, LLC, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:13-cv-01217-JAD-NJK |
| ) | |
| vs. ) | ORDER GRANTING MOTION TO STRIKE |
| ) | |
| TIMOTHY GREEN, et al., ) | |
| ) | (Docket No. 40) |
| Defendant(s). ) | |

Pending before the Court is Plaintiff's motion to strike Defendants' supplement to their reply brief. Docket No. 40; *see also* Docket No. 39 (supplement to reply brief). Plaintiff argues this filing constitutes an impermissible surreply not permitted by the Local Rules. For the reasons discussed more fully below, the motion to strike is hereby **GRANTED**.

Absent leave of court, parties are not allowed to file briefing on a motion beyond that outlined in Local Rule 7-2. *See, e.g.*, *Kanvick v. City of Reno*, 2008 WL 873085, *1 n.1 (D. Nev. Mar. 27, 2008), *aff'd*, 339 Fed. Appx. 745 (9th Cir. 2009) (affirming order striking supplemental brief). Defendants have not sought–and have not been granted–leave to supplement their reply brief.[1]

---

[1] In ruling on Defendants' motion to stay, the Court noted that Defendants' motion to dismiss relies in significant part on a magistrate judge's order that was rejected by the reviewing district judge. *See* Docket No. 34 at 6-7 (discussing *NetJets Aviation, Inc. v. Peter Sleiman Dev. Group, LLC*, 2011 U.S. Dist. Lexis 114081 (M.D. Fla. June 13, 2011) (*NetJets I*) and *NetJets Aviation, Inc. v. Peter*

Moreover, it does not appear that a surreply should be allowed in these circumstances even if Defendants had sought leave to file it. Surreplies are permitted to allow parties to address new matters that could not have been addressed in the regular briefing. *See, e.g.*, *id.* Defendants' surreply provides argument and case law that it contends support its argument that Plaintiff's claims are properly dismissed on the pleadings based on insufficient allegations regarding piercing the corporate veil under Florida law. *See* Docket No. 39. Defendants had every opportunity to make such arguments in their motion and/or reply brief. Instead, they chose to cite to only one case applying the Rule 12(b)(6) standards on piercing the corporate veil under Florida law. *See* Docket No. 21 at 13-15 (discussing *NetJets I*); *see also* Docket No. 27 at 6 (same). Defendants relied on *NetJets I* in outlining, *inter alia*, various allegations that are insufficient to withstand a motion to dismiss, *see id*. at 14, and in arguing that the allegations in this case are similarly insufficient, *see id.* at 15. To the extent Defendants believed other case law supported their argument regarding the sufficiency of Plaintiff's allegations on this issue, they should have cited it previously. The fact that the undersigned has now pointed out that the only such case cited was reversed is not grounds to file a supplemental reply brief raising new arguments supported by new citations that were available for Defendants to cite at the time they filed their original motion to dismiss and reply.

Accordingly, for the reasons discussed more fully above, the motion to strike is hereby **GRANTED** and the Clerk is ordered to strike the supplemental brief at Docket No. 39.

IT IS SO ORDERED.

DATED: November 7, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

*Sleiman Dev. Group, LLC*, 2011 U.S. Dist. Lexis 109973 (M.D. Fla. Sept. 27, 2011) (*NetJets II*)). Because neither party indicated in their briefing on the motion to dismiss that the case relied upon is not good law, the undersigned advised the parties that they "should seriously consider whether they are ethically required to advise Judge Dorsey that case law relied upon in the motion to dismiss is not good law." *Id* at 6 n.7. The undersigned did not invite Defendants to provide new briefing supporting their motion to dismiss.